Good morning. May it please the Court, Angela Dowse for the Appellant and Defendant, Darryl Walizer. Could you speak a little louder and into the microphone? Sorry, Your Honor. Is that better? Louder. Good morning. Angela Dowse for the Appellant and Defendant, Darryl Walizer. I'd like to reserve two minutes for rebuttal. You'll have to watch your time. Okay. Your Honors, what happened during Mr. Walizer's retrial and resentencing on remand is really the story of how 18 U.S.C. 2260A turned into a foregone conclusion without really looking into what made up that conclusion. And with your permission, I'd like to start with the supplemental briefing issues on 2260A, the words involving a minor. The first part being that 2260A requires the actual involvement of a minor during the You didn't raise that argument. That was raised essentially by the Court, right? Correct, Your Honor. So why isn't it waived? Why should we consider it at all? Your Honor, it is an important issue, and without sort of dancing around your question, it was not raised in the district court level twice. Twice. And it wasn't raised in your opening brief either, was it? Right. Yes and no, Your Honors. Yes and no? In regards to the Eighth Amendment issue, Your Honors, I did discuss with regard to the prior offenses. My question had to do, though, with the issue of statutory interpretation, whether an actual minor is required by the statute. And that issue you never raised, correct? Not in the district court or specifically in my opening brief, Your Honor, as to that issue, yes. So if we were to reach it at all, we would be reviewing for plain error, correct, if we reach it? Your Honor, it appears that I may be subject to that level of review, Your Honor. And at least one or two other circuits have held to the contrary of your position. So how could the error possibly be plain, even if ultimately your interpretation were more persuasive? Your Honor, it is plain error. It does affect my client's substantial rights. Well, what makes it plain, though? If other circuits have disagreed with your position, how can we say that the district court should have immediately recognized that there was something wrong here, which is basically the plain error standard? Your Honor, it is one circuit, the Eleventh Circuit in Slaughter, did decide against the issue. The First Circuit in Jones didn't necessarily decide the issue and did mention plain error review, that that's what they are subject to. So Your Honor is correct. I do have two other circuits that are deciding one very much against the issue. Well, we're aware of that. But the question is, under those circumstances, how can it be plain? Moreover, it wasn't raised the first time Mr. Wallacher was in the district court. It wasn't plain, obviously, to anybody the second time it went back. And it wasn't plain to you in your brief. So how can it be plain? Your Honor, my response is that It means it has to stand out. It's a brand-new issue. And I wish I was smarter and could have realized the issue before the briefing, before the supplemental briefs. I just I suppose you could make the argument that if it's a matter of statutory construction and this Court were to believe that there is no crime, then the error has to be plain because somebody can't be guilty of a crime that doesn't exist. So that a difference in courts is not, does not necessarily defeat plain error. You might be able to make that argument. Yes, Your Honor. I don't know if it's a good one or not, but it's maybe better than the one you made so far. Your Honor, I cannot say it more artfully than that. Certainly it is a new issue before this circuit. So I tried to review the cases I could for guidance on the issue. And it is a concerning issue because if my client's convicted of a 24-22 violation, which he was here, and then it turns into an automatic violation of the 2260A issue without separating those two statutes on any other basis. The argument, if we were going to get to it, the argument that the statute can't be interpreted to mean two things because you look at if you look at the word involving one way, you look at it as kind of a categorical approach. And if you look at it another way, it's kind of a factual approach, which I think is the argument, at least how I interpret the argument. I'm still not sure that it's two meanings because why can't Congress have one broad meaning of a word like involving? So if the word involving can mean several things, well, as long as we know what those several things are, it might be fine. Have you got an answer to that? Yes, Your Honor. Certainly the words involving a minor can reach a lot of different circumstances. But then the issue becomes at what point does it become overbroad? At what point are we interpreting this thing in too many different ways, especially as compared to 2422, when the major difference between 2422 and 2268 is that attempt language. So in 2422, you can, what's the words, attempt to do it without actually doing anything and without actually involving a minor. Those are the major differences between those statutes. So the attempt language is not in 2268 and shouldn't be read into it to essentially be a package deal and a package prosecution where there's a violation of one and immediately a violation of the other, which is where the slaughter decision went with it. They called the statutes complementary so that essentially they would be tried and prosecuted together. And, you know, the decision I have for me is a district court decision. I don't have a circuit decision in my favor right now, which it's a DALA decision out of the Eastern District of Pennsylvania that talks about that that language should not be read into 2268 and briefly talked about how the child pornography statute was struck down as being overbroad, how the words actual minor were changed by Congress and added in later. And, Your Honor ---- Well, of course, we don't have actual minor. We have involving a minor. So ---- As the statute is right now, yes, Your Honor. Okay. I cannot change that fact, certainly. Alternatively, Your Honors, I'm arguing that the rule of leniency should apply. The statute should be ambiguous, and it shouldn't be interpreted so as to increase penalty on my client. And reasonable doubt does persist as to what the words involving a minor mean, certainly between circuits or district courts and circuits, and certainly between counsel in this case. And there is certainly no evidence that this case, the underlying charge involved an actual minor. I did want to move on to the other arguments. I'm kind of interested in the jury trial argument a little bit. Sure, Your Honor. You know, there is no written waiver, which would be, I take it, would make us presume that the waiver was knowing and intelligent. So we have a Cochran situation. I guess you have to go through the Cochran factors. And I'm just wondering in this case why the Cochran factors weren't met. It wasn't exact, but this man had had a trial before the same judge on the same case. And so I might think that this would establish that he knew what he was doing. Yes, Your Honor. And just briefly, in reviewing this, it looks like there is at least one of the Cochran factors that was not gone through with the client, and that's that the jury verdict must be unanimous. Sorry, Your Honor. So without a written waiver, there is some you think the circumstances, the context of the judge's statements didn't indicate necessity for unanimous verdict? I think it did, Your Honor. And I certainly understand why the client didn't want to have a jury on this particular issue. But I still think it's important for the client to have. So what do you want us to do with this issue? Allow for at least a proper colloquy under the Cochran factors. So you want us to reverse and remand it? For the proper colloquy. Yes, Your Honor. At the very least. Are you serious? I mean, are you just making an argument? I mean, the man went through a jury trial. He clearly knows what it was, what it is, understands all of it. And I just read the colloquy again for the third time. And he knows what he's doing. And there's plenty of reason why he might do that. Your Honor, yes. This is really form over substance. Isn't that what your argument boils down to? That it must be in writing or else perfect. Good enough is not good enough. It is a tactical argument, Your Honor. And I do have about 30 seconds for rebuttal. So do we know this man wants a jury trial? No. I mean, he just wants. It did not appear that way, Your Honor, that he wanted a jury trial as to that issue. So I would want to leave it to the client at that point. Have you asked him? I don't want to get into my communications with the client. But it appears from the record that he did not want to have a jury trial. I have about three seconds. So this is just wasted energy. I don't want to call it that because it's an important right for him to be able to be advised properly whether he should have a jury trial or not. I don't want to gloss over that, Your Honor. I understand what you're saying, though. We used a lot of your time with questions, so you may have a minute for rebuttal when the time comes. Thank you, Your Honor. Good morning. May it please the Court, Elizabeth White for the United States. Good morning, Counsel. I'm happy to answer any questions that you have. Talking first about the 2260A issue in the supplemental briefing, I believe that the comments the Court made earlier are correct. This was not raised in the district court the first time around. It wasn't raised on the first appeal, in the second trial, in the second appeal, until supplemental briefing. And therefore, I believe the argument is waived. So we're on plain error. So tell me if that makes any sense, that when you're talking about what is a crime, that the fact that two courts may differ on the subject does not really affect the plain error analysis. That's something I posited. Yes. And is there anything behind what I just said, or is that totally incorrect? The question of whether an error is plain, the second prong of plain error, means that the error needs to be plain at the time of appeal. And what we have right now is one circuit that has said there's no error at all, one circuit that says there's at least no plain error. My idea was if we say this is what the statute means, then even though we hadn't said it before, then we say that's what the statute means, then how can you have, it must be, the error must be, quote, technically plain, even though not practically plain, because how can somebody, you know, be guilty of a crime that doesn't exist? Well, except with respect, I just. I guess my answer is, is plain error always a factual matter? Factual to. It's kind of a metaphysical question, but. I believe that it's factual to the extent that what the Supreme Court has said repeatedly is that for an error to meet, for a claim of error to meet the second prong of plain error, the error must be plain at the time of appeal. And I don't think a panel can decide, sitting there, that there is error and now, look, we just said there's error, therefore it's plain in the same case. It must be plain. So it must be a statute that's already been interpreted? Yes. Hmm. If it's being raised. Well, that's true. That's true. Yeah. And if. What's your best case for that proposition? Johnson. Johnson? I would say. And that's cited in your supplemental brief? Yes, it is. Let's see here. Government supplemental. What Johnson says that. Actually, I cited Johnson for the. Let's see, I cited Olano for the proposition that before a court can correct an error, it must be plain. Well, that's clear. Yes. I'm just trying to find out what plain error is in this context. So I was just wondering if there was something more specific. I think that. I believe it was Johnson that. Actually, I'm not going to say that because I might be wrong and I don't have Johnson with me to double check. Johnson isn't cited. Johnson cited on footnote one on page six of the government supplemental brief. It's actually. Footnote one on page six. Yes, it's cited for a different proposition. It's cited for the proposition that plain error reviews. Plain error review applies to all errors that are not raised in the district court. And Johnson, the defendant. The question that you were asked is you said it has to be so clear that it's already been decided by an authoritative court. And you cited Johnson for that proposition. Is that what I heard you say? Yes. You don't have any cases that say that. Johnson doesn't. I guess. Let's see. Here we go. I'm sorry. I don't have that here. Here we go. Yes. This is I cite the Ninth Circuit on page eight of the government's brief. I cite the Ninth Circuit's decision in Thompson holding that an error cannot be plain where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results. And then I quote from this court in Thompson. At a minimum, the court of appeals cannot correct an error pursuant to Rule 52B unless the error is clear under current law. And that's citing Olano. That's quoting Olano. Let's go back to step one, whether or not it was error. Okay. Is the government's position that there's no error at all? Yes. Has the Solicitor General approved that position being taken by you? For this case, I did not ask the Solicitor General for authority to make that argument. That's the argument the government made in Slaughter and the argument the government made in Jones. We get Solicitor General authorization to do affirmative government appeals, but to rely on decisions that other courts have made. And I'm sorry if I misspoke. Jones found that it didn't meet the second prong of plain error without actually addressing the first. I mean, it didn't specifically reach the first, but it found there was no plain error. Slaughter found that there was no error at all. I mean, this is a pretty significant issue. It's a 10-years consecutive sentence. Yes, it is. And, you know, just going back, the purpose of 2260A, you know, fairly clearly, is to protect children from sexual predators, and in particular, recidivist sexual predators. So it is a recidivist statute that ‑‑ Well, it is, but if there's no actual children. I mean, I can see why Congress might want to tack 10 years on if you had an actual kid. But say, but if you didn't have an actual kid, if it was just one of these people that's hiding at the other end of a television camera, you might not. Well, you know, I think that the ‑‑ what this Court has said that for 2422, the enticement statute, it wouldn't make any sense. Because that statute was designed to protect children from sexual predators, it doesn't make any sense to cut the defendant a break if, by dumb luck, he happens to be corresponding with an undercover agent pretending to be a 14‑year‑old girl rather than an actual 14‑year‑old girl. So is it your position that whether the felony has to involve an actual minor depends on which of the sections that are listed in 2260A is at issue? In other words, it's, I think, to carry your argument, that under 2422, which is one of the listed ones, it doesn't have to be an actual minor to obtain a conviction. Yes. And under some of these sections, it might require an actual minor to obtain a conviction that involves a minor. In some of them, in some of these offenses apply both are sexual assaults, which could either be against adults or against children, for example. Is it your view that it depends on whether the conviction is validly obtained? Or I don't really know how you differentiate where some of the sections would have to be an actual minor and some would not. I think that if the predicate offense, for example, I think there's one here, if you take an adult across state lines for purposes of prostitution, right, then that is not an offense that involves a minor. But if you are feloniously attempting to entice a minor to engage in sexual activity, that is a felony that involves a minor, whether or not that's the case. Well, I guess what I'm trying to understand is your analysis of the statute. It sounds like you're saying that some of these felonies that are listed here involve a minor, even though the person isn't actually a minor. And 422 is an example of that. And some of them would involve a minor only if there were an actual human being who is a minor who's involved. Yes. So how does that work with the statutory text? I think when you're talking about, you know, what the statute says is a felony offense involving a minor. And what the courts have ‑‑ actually, I don't know that this court has, but other courts have said that when Congress uses the word involving, they intend an expansive broad reading that means related to or connected to. And the argument that I'm making is that felonious attempt to entice a minor to engage in sex is a felony offense that relates to and is connected to a minor in such a way that Congress's attempt, through this statute, to protect children from recidivist sexual predators applies even if, through dumb luck, as this court has said, this particular defendant is not ‑‑ and it's not just dumb luck for the defendant, it's dumb luck for society. I mean, this is a really good thing that this wasn't an actual 14-year-old child that he was trying to entice into having sex. But if you have one of these statutes that can involve an adult and then factually involves a minor, Yes. you will say that involving also covers it. Yes. So you're reading involving at least two ways. And I'm not sure that's not okay, but you read it as, okay, this felony only relates to minors and, therefore, it's covered. This felony relates to a lot of people, but factually, in this case, it involves a minor. Yes. That's correct. So is it possible under one of those statutes that you have an attempt to involve a minor and you don't and then it's still covered? I don't know. I didn't look at all the ‑‑ I didn't look at each statute. And I haven't either. I apologize. I don't know the answer to that question. All right. You've got two statutes, 2242 and 2421, that don't involve minors. So you're giving this language two different meanings depending on which statute. And don't we have cases like Clark v. Martinez, for example, quoted in Santos, that say the meaning of words in a statute cannot change with the statute's application to hold otherwise would establish the dangerous principle that judges can give the same statutory text different meanings in different cases. And that's what you're asking us to do. I mean, how can this be so chameleon-like that it can change meaning depending on which statute that they're referring to in this section? I mean, that's pretty interesting to give different meaning to the same language. Yes. And the same provision. Yes. And I apologize. I hadn't thought through that question. I think that ‑‑ so the question is a defendant who commits a felony offense involving a minor. So a felony offense ‑‑ What you're really saying, it sounds to me like there are some that are categorically involved minors and some that involve minors only under the modified categorical approach. No, I mean, it's facetious, but I think that is what you're saying. But either way, I mean, either way, you can look at 2241 ‑‑ or, I'm sorry, 2421, and you can look at the felony offense that this person committed. Was this offense related to or connected to a minor? I don't know that you're necessarily interpreting that. You're using the word involving differently when you ask it about 2422 or 2421. You're looking at what the felony offense that this defendant committed was and was it relating to or connected with a minor. So you are looking at, to an extent, the underpinning of what the conduct was. But if it's a case of 2422, the answer is always going to be yes. Thank you, counsel. Thank you. Ms. Dowsey, you may have a minute for rebuttal. Your Honor, briefly, just in the general terms of it being a recidivism statute, really covering habitual offenders and not habitual almost offenders or attempters. And the Eighth Amendment issue really gets to that, is that 2268 applies without really any additional harm or culpability. Compare that to, for example, a 924C count where you have to actually possess or ship a firearm in interstate commerce for that actually to apply as a prior offense. Do you have any response to the other side's argument that the Ninth Circuit says it already has to be authoritatively interpreted for it to be plain air? She cited a couple of cases. I'm sure you heard those. Do you have any answer to that, that it can't be plain unless it's plain on the face of some other opinion? Your Honor, I don't have an answer right away for that. Is she right? I mean, you read those cases. Yes, Your Honor. Is she right about them? The cases stand for what she has cited, but it is new. So how do you get around that? It is new law. It's new territory. We're blazing a new trail here, Your Honor. So I don't want slaughter to be what this Court or Circuit decides, certainly, that they're complementary provisions and just automatically apply to each other in the right circumstances. Thank you, counsel. I'm sorry. Did you have another question? So you're saying it's never mind. I mean, it's plain air, but you don't want us to interpret it against you either, which means it's up in the air. Yes, Your Honor. So it can't be plain. Yes, Your Honor. Okay. Thank you, counsel. The case just argued is submitted, and we appreciate the helpful arguments from both of you.
judges: Restani, Trott, Graber